IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MACKENZIE,

    Plaintiff

vs.

CASE NO. 8:00-cv-2405-T-23B

COLLECTIVE ACTION

KINDRED HOSPITALS EAST,
L.L.C. (formerly known as
VENCOR HOSPITALS EAST,
L.L.C.),

    Defendant.
_____/

## PLAINTIFF'S MOTION/MEMORANDUM TO STRIKE DEFENDANT'S OFFER OF JUDGMENT

**COMES NOW**, the Plaintiff, **DAVID MACKENZIE**, by and through his undersigned attorney and hereby files this Motion to Strike **Defendant's** Offer of Judgment served on Plaintiff in this matter on July 1, 2002.

Plaintiff avers that Defendant's utilization of an **Offer of Judgment** pursuant to Rule 68 is clearly inappropriate in a collective FLSA action such as this case and would accordingly ask the Court to strike the Defendant's Rule 68 Offer of Judgment accordingly.

## I. INTRODUCTION

Plaintiff filed his Complaint in this matter on November 22, 2000 and alleged class-wide or systemic discrimination by the Defendant, on the basis of unpaid overtime compensation owed to Plaintiff and all registered pharmacists and former pharmacists of Defendant. On December 27, 2000, the Defendant filed a Petition for Relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware, which stayed certain acts and proceedings against the Defendant and its property. On December 29, 2000, this Court ordered that the Clerk



administratively close the file but would allow the court to reopen the file upon showing that further proceedings were necessary. On June 25, 2001, Plaintiff filed a Motion to Reopen and Request For Preliminary Conference. On December 18, 2001 Plaintiff filed an Emergency Motion For Relief because Defendant had been discharged from bankruptcy and due to pending motions before the Court with regard to whether or not the bankruptcy effectively discharged the collective claims presented initially by the Plaintiff. By Order dated January 11, 2002, this Court granted Plaintiff's Motion to Reopen . Further, this Court granted Defendant's Motion To Dismiss the pre-petition claims and dismissed Plaintiff's claims for violation of the FLSA committed before September 13, 1999.

Subsequent to this reopening, the parties have engaged in discovery as regards post-bankruptcy discharge claims. This discovery has revealed that Defendant has continued its pre-bankruptcy practice of failing to pay its pharmacists overtime compensation for any hours worked in excess of 40 hours per week in violation of the Fair Labor Standards Act and that this practice has affected pharmacists other than Representative Plaintiff Mackenzie. (See Affidavit of Plaintiff's counsel, David J. Linesch, Exhibit 1 attached hereto.) Pursuant to the Case Management Report, the parties will conclude their discovery regarding collective issues on September 5, 2002 and are to present their briefs on collective prosecution/class notice thereafter. The court has ordered the parties to mediation which is presently scheduled for August 8, 2002.

On July 1, 2002, Defendant served on Plaintiff, an Offer of Judgment pursuant to Rule 68 offering to settle the claims of the individual Plaintiff in the amount of $1200.00. By correspondence dated July 1, 2002 (see Exhibit 2 attached hereto), Plaintiff's counsel responded to Defendant's motion as follows:

> *We received today your Offer of Judgment in the above-referenced matter. It would obviously be inappropriate to allow any compelled settlement under Rule 68 to extinguish the rights of the putative class members in this collective action. Accordingly, please clarify at your earliest convenience, your position as to whether or not you would allow the "settled" Mackenzie claim to*

2

*nevertheless serve as a collective plaintiff for purposes of prosecution of the collective claims of the putative class.*

Defense counsel responded on July 2, 2002 (see Exhibit 3 attached hereto) as follows:

*First, you asked whether we would "allow" the "settled Mackenzie claim" to serve as a "collective plaintiff" for purposes of prosecution of the collective claims of the alleged putative class. We are not sure what you mean by having the "settled claim" serve as a collective plaintiff. If you are asking whether we would allow the case to continue without Mr. Mackenzie as a party, we do not believe that this decision is ours to make. What we do expect is for Mr. Mackenzie to dismiss his claims, and further expect that he will no longer be a party to this case should you attempt to pursue this matter in some fashion despite Mr. Mackenzie's absence. Although you have brought this matter as a collective action, no other individuals have pursued their alleged claims, and we would thus submit that there is no case or controversy over which the Court would have jurisdiction.*

*Second, you stated that it would be inappropriate to allow any compelled settlement to extinguish the rights of putative class members in the collective action. Unlike a Rule 23 action in which the class has been certified, any potential FLSA claimants must pursue their own claims even if they do so within the framework of a collective action. The right to bring their own claims is not extinguished, but rather only the vehicle by which they may pursue their claims will be effected. Specifically, assuming the court concludes that there is no case or controversy to decide because Mr. Mackenzie has been afforded full relief and is no longer a party to this action, then the alleged potential claimants may pursue their claims not through the instant collective action, but under their own proceedings, if any.*

It appears apparent from Defendant's response that they intend this Offer of Judgment to extinguish the claims before the Court – not only those of Plaintiff, **DAVID MACKENZIE**, but those of the putative class.

It is clear, based upon the present context of this case and the inherent conflict between the very nature of a collective action and this coercive litigation tactic, that the Court should strike Defendant's Offer of Judgment.

## II. ARGUMENT AND AUTHORITIES

This is a collective action under Section 216(b) of the Fair Labor Standards Act. Plaintiff Mackenzie alleges that the Defendant is in violation of the Act due to its failure to pay him and all similarly situated pharmacists overtime compensation in violation of the FLSA. Mackenzie is the

3

only representative plaintiff acting on behalf of the putative class. Pursuant to Local Rule 4.04(e)[1] of this Court, as well as other professional protocols, Plaintiff's counsel has not solicited participation from other putative plaintiffs but has instead relied upon the FLSA's provision for collective notice and representation in order to protect the interests of the putative class. Further, Defendant has mandated that in order for Plaintiff to receive discovery, and specifically payroll information with regard to other pharmacists, that this information be redacted. This redaction consists of the deletion of all information, including name, addresses, etc. of all possible putative collective plaintiffs. Accordingly, the ability to advise other putative plaintiffs of the existence of this action so that they may "opt in" and enforce their rights to overtime compensation under the FLSA has been blocked by the Defendant's insistence upon the discovery protocol. The Defendant's tactic of using Rule 68 in order to extinguish this case by removal of the sole representative plaintiff is inappropriate under established protocols in class/collective litigation and clear Eleventh Circuit precedent dealing with the settlement of Section 216(b) collective cases.

In <u>Lynn's Food Stores Inc. vs. United States</u>, 679 F.2d 1350 (11th Cir. 1982), the court articulated the appropriate protocols for settlement of Section 216(b) cases. The court, after discussing the need to protect the rights of putative plaintiff employees stated:

> *Other than a Section 216(b) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and its employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.*

<u>Lynn's Food</u>, at 1356.

---

[1] Plaintiff's counsel is aware that Local Rule 4.04(e) expired this July and further only speaks to Rule 23 as actions prohibiting such solicitation. Counsel has nevertheless followed Rule 4.04(e) as regards this and other collective actions he has been engaged in before this Court through the years.

The Eleventh Circuit then affirmed the District Court's rejection of the proposed settlement based upon the ignorance of employees as to their rights under the FLSA and the settlement agreement's proposed waiver of those rights, as well as the coercive nature of the proposed settlement. Presently, all putative plaintiffs are unaware of this action and their rights under the FLSA. Further, the inherently coercive nature of Rule 68 as a vehicle to extinguish this case entirely and the rights of all putative plaintiffs, is at clear odds with the principles articulated in Lynn's Foods. Id.

Further, support for the impropriety of Rule 68 in class or collective litigation can be gleaned from class cases under Rule 23. Thus, the majority approach of the circuits that have considered this issue have held that those protections afforded the putative class under Rule 23(e) (including notice and ratification by the court) must be adhered to. See e.g. Glidden v. Chromalloy American Corp., 808 F.2d 621, 625-629 (7th Cir. 1986); Wallican v. Waterloo Community School District Etc., 80 F.R.D. 492, 493 (D. Iowa 1978); Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401, 1408 (9th Cir. 1989). Only one circuit, the 4th Circuit Court of Appeals, has determined that the protections of Rule 23(e) may be ignored in pre-certification resolution. Shelton v. Pargo, 582 F.2d 1298, 1303 (4th Cir. 1978).

Finally, our circuit (the Eleventh) has not taken an official position as regards this issue. This suggests that the majority approach which holds that the requirements of Rule 23(e) must be adhered to would be the more prudent authority to follow. Furthermore, in Rice v. Ford Motor Company, 88 F.3d 914, 919 (11th Cir. 1996), the Eleventh Circuit, although specifically refusing to take a position on whether Rule 23(e) must be applied at the pre-certification stage, did address those issues which the majority of the circuits have considered as requiring adherence to Rule 23(e) in its analysis. Thus, the Eleventh Circuit in Rice nevertheless discussed those factors considered by the majority of the circuits upholding adherence to Rule 23(e) in deciding that indeed there was no

5

prejudice to the putative class and that individual dismissal was appropriate. In this regard, in Rice, the court considered the publicity surrounding the filing of the original complaint and the possible prejudice to unnamed class members who may have otherwise brought individual actions but who instead relied upon the class case for prosecution of their claims.

In sum, the court in Rice, by actually dealing with the issues raised by those circuits supporting adherence to Rule 23 in cases at the pre-certification stage, although not controlling, does indicate the court's recognition of these issues to a large extent. This, coupled with the majority of circuits supporting adherence to Rule 23(e) at the pre-certification stage suggests that it may not be prudent to resolve these cases without adherence to Rule 23(e).

Furthermore, it is important to note that indeed Plaintiff represents not only his own individual or representative claim, but the claims of a proposed putative class. Thus, in Deposit Guaranty National Bank of Jackson, Mississippi v. Roper, et al., 445 U.S. 326, the Supreme Court underscored the duality of interest of representative plaintiffs by way of their individual claims and the class claims they purport to represent by allowing the representative plaintiffs to appeal the denial of class certification after the court had entered judgment and offer of settlement as regards their individual claims. The court discussed this as follows:

> *A district court's ruling on the certification issue is often the most significant decision rendered in these class action proceedings. To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.*

Roper at 337.

Justice Stevens, in his concurrence, articulated the unique nature of the representational status of plaintiffs in a class action as follows:

> *In my opinion, when a proper class action complaint is filed, the absent members of the class should be considered parties to the case or controversy at least for the limited purpose of the court's Art. III*

6

*jurisdiction. If the district judge fails to certify the class, I believe they remain parties until a final determination has been made that the action may not be maintained as a class action. Thus, the continued viability of the case or controversy, as those words are used in Art. III, does not depend on the district judge's initial answer to the certification question; rather, it depends on the plaintiffs' right to have a class certified.*

*n.1. There is general agreement that, if a class has been properly certified, the case does not become moot simply because the class representative's individual interest in the merits of the litigation has expired. In such a case the absent class members' continued stake in the controversy is sufficient to maintain its viability under Art. III. In a case in which certification has been denied by the district court, however, a court of appeals cannot determine whether the members of the class continue to have a stake in the outcome until it has determined whether the action can properly be maintained as a class action. If it is not a proper class action, then the entire case is moot. If, on the other hand, the district court's refusal to certify the class was erroneous, I believe there remains a live controversy which the courts have jurisdiction to resolve under Art. III.*

Ibid. at 340.

Stevens then reiterated the holding of the majority as follows:

*Accordingly, even if the named plaintiff's personal stake in the lawsuit is effectively eliminated, no question of mootness arises simply because the remaining adversary parties are unnamed.*

Ibid. at 341.

Finally, Justice Stevens referred to the nature of the putative class as follows:

*The status of unnamed members of an uncertified class has always been difficult to define accurately. Such persons have been described by this Court as "parties in interest," see Smith v. Swormstedt, 16 How. 288, 303; as "interested parties," see Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 366; or as "absent parties," may be regarded as parties for the limited purpose of analyzing the status of the case or controversy before a certification order has been entered. Indeed, since the concept of "absent parties" was developed long before anyone conceived of certification orders, I find it difficult to understand why the existence of a case or controversy in a constitutional sense should depend on compliance with a procedural requirement that was first created in 1966.*

Ibid. at 341.

Accordingly, Defendant's attempt to threaten the representative Plaintiff into settlement by utilization of an offer of judgment is destructive of the very interests which are recognized and preserved in Rule 23 and Section 216(b) of the FLSA. These interests are clearly inconsistent with the coercive nature of settlement as embodied within Rule 68. Thus, a mandatory imposition of Rule 68 creates "*a potential conflict between the named parties at self-interest and his fiduciary duty to the class.*"

Gay v. Waiters' and Dairy Lunchmen's Union Local 30, 86 FRD 50 (N.D. Cal. 1980). As further discussed in Gay,

> *[w]here the class representatives potential liability for costs is substantial compared to his personal stake and the successful outcome, an inherent conflict of interest is created by the mandatory operation of Rule 68.*

Ibid, at 503.

The Court further related in Gay that:

> *[i]f operation of Rule 68 were mandatory in circumstances such as these, it would create a strong incentive on the part of the class representative to accept an offer which, had his exposure been fully shared by the entire class, he would have rejected.*

Ibid, at 503.

In a District Court decision from the Fifth Circuit, and specifically Martin v. Mabus, 734 F. Supp. 1216 (S.D. Miss. 1990), the Court reiterated the inherent conflict between Rule 23 and Rule 68 as follows:

> *First is the defendant admit in this Rule 23(b)(2) class action, the procedures prescribed by Rule 68 for making an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be attained in order for a case to be dismissed or compromised. Gay v. Waiters' and Dairy Lunchmen's Union Local 30, 86 FRD 500 (N.D. Cal. 1980); Fed. Rules Civ. Pro. 23(e).*

Martin at 1222.

## III. CONCLUSION

In light of clear precedent requiring judicial scrutiny of any proposed settlement in a Section 216(b) case and the failure of the present proposed settlement to meet the requirements of being fair and non-coercive as well as noninjurious to the rights of putative class members, Plaintiff respectfully asks the court to strike Defendant's Rule 68 Offer of Judgment.

Respectfully submitted,

_____
**DAVID J. LINESCH, ESQUIRE**
Florida Bar No. 0376078
The Linesch Firm
700 Bee Pond Road
Palm Harbor FL 34683
Voice: (727) 786-0000
Facsimile (727) 786-0974
Attorney For Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been mailed, postage prepaid, U. S. Mail, this 15th day of July, 2002 to: Christine E. Howard, Esq., Fisher & Phillips, LLP, 1500 Resurgens Plaza, 945 East Paces Ferry Road, Atlanta, GA, 30326.

_____
DAVID J. LINESCH

9



EXHIBIT

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MACKENZIE,

    Plaintiff

vs.

CASE NO. 8:00-cv-2405-T-23B

COLLECTIVE ACTION

KINDRED HOSPITALS EAST,
L.L.C. (formerly known as
VENCOR HOSPITALS EAST,
L.L.C.),

    Defendant.
_____/

## AFFIDAVIT OF DAVID J. LINESCH

I, **DAVID J. LINESCH**, personally appeared before the undersigned notary public who is duly authorized to administer oaths in the State of Florida. I am over the age of 21 and am competent to testify to the matters stated herein. Based on my personal knowledge, I hereby testify as follows:

1.

At all relevant times to this lawsuit, I am counsel for Plaintiff in the above-referenced matter. This is my Affidavit in the above-referenced case and is offered in support of Plaintiff's Motion/Memorandum To Strike Defendant's Officer of Judgment.

2.

Under the Fair Labor Standards Act, an employee is non-exempt if their compensation is subject to reduction because of variations in the quality or quantity of the work performed. 29 CFR § 541.118(a). Thus, pharmacists who do not earn a predetermined amount, but whose biweekly compensation is directly dependent on the number of hours worked, are non-exempt under the FLSA. Retail Store Employees Union v. Drug Fair-Community Drug Company, 307 F.Supp. 473 (D.D.C. 1969).

3.

Through discovery in this matter, Plaintiff has ascertained that the Defendant pays pharmacists straight time for all hours worked, whether those hours exceed 40 or not. Thus, if a pharmacist works 30 hours in one week, they are only paid 30 hours – they are not paid a predetermined and set salary regardless of the hours worked per week. This obligates the employer herein to pay time and one-half the regular rate of compensation for all hours over 40. Discovery in

this matter has ascertained that there are several employees (names unknown due to the redaction of such information in discovery) who have worked over 40 hours per week and who have not received one and one-half times their regular rate of compensation for the hours worked. Specifically, there are other plaintiffs other than David Mackenzie, whose identities are presently unknown and who have no knowledge of this action and who have similar claims for overtime compensation under the Fair Labor Standards Act.

I have read the foregoing Affidavit consisting of three (3) paragraphs and swear that their contents are true and correct to the best of my knowledge.

**FURTHER AFFIANT SAYETH NOT.**

DAVID J. LINESCH

Sworn to and Subscribed before me this _14th_ day of July, 2002.

Sharon E Scherdin
My Commission CC839042
Expires June 29, 2003

Sharon E. Scherdin

Notary Public

2



# THE LINESCH FIRM
*Practice Limited to Labor and Employment Law*

**David J. Linesch**
*~Board Certified~*
*Labor and Employment Law*

July 1, 2002

**VIA FACSIMILE**
**(404) 240-4249**

Christine E. Howard, Esq.
Fisher & Phillips, LLP
1500 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, GA  30326-1125

Re:   Mackenzie v. Vencor
      Case No.  8:00-CV-2405-T-23B

Dear Christine:

We received today your Offer of Judgment in the above-referenced matter. It would obviously be inappropriate to allow any compelled settlement under Rule 68 to extinguish the rights of the putative class members in this collective action. Accordingly, please clarify at your earliest convenience, your position as to whether or not you would allow the "settled" Mackenzie claim to nevertheless serve as a collective plaintiff for purposes of prosecution of the collective claims of the putative class.

Sincerely,

DAVID J. LINESCH

DJL/cam

E-mail:  lineschfirm@hotmail.com
Web Site: www.sitelogic.com/lineschfirm
700 Bee Pond Road, Palm Harbor, Florida 34683 • Tel. (727) 786-0000  Fax: (727) 786-0974



EXHIBIT

# FISHER & PHILLIPS LLP
### ATTORNEYS AT LAW

www.laborlawyers.com

**Atlanta**
1500 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, GA 30326-1125
(404) 231-1400 Tel
(404) 240-4249 Fax

Writer's Direct Dial:
(404) 240-4291
Writer's Email Address:
choward@laborlaywers.com

July 2, 2002

**Via Facsimile and US Mail**

David J. Linesch, Esq.
The Linesch Firm
700 Bee Pond Road
Palm Harbor, Florida 34683

      Re:   *Mackenzie v. Kindred Hospitals East, LLC*
              Case No. 8:00-CV-2405-T23B

Dear David:

      We received your letter dated July 1, 2002, and we will attempt to address the concerns outlined therein.

      First, you asked whether we would "allow" the "settled MacKenzie claim" to serve as a "collective plaintiff" for purposes of prosecution of the collective claims of the alleged putative class. We are not sure what you mean by having the "settled claim" serve as a collective plaintiff. If you are asking whether we would allow the case to continue without Mr. MacKenzie as a party, we do not believe that this decision is ours to make. What we do expect is for Mr. MacKenzie to dismiss his claims, and further expect that he will no longer be a party to this case should you attempt to pursue the matter in some fashion despite Mr. MacKenzie's absence. Although you have brought this matter as a collective action, no other individuals have pursued their alleged claims, and we would thus submit that there is no case or controversy over which the Court would have jurisdiction.

      Second, you state that it would be inappropriate to allow any compelled settlement to extinguish the rights of putative class members in the collective action. Unlike a Rule 23 action in which the class has been certified, any potential FLSA claimants must pursue their own claims even if they do so within the framework of a collective action. The right to bring their own claims is not extinguished, but rather only the vehicle by which they may pursue their claims will be effected. Specifically, assuming the court concludes that there is no case

David J. Linesch, Esq.
July 2, 2002
Page 2

or controversy to decide because Mr. MacKenzie has been afforded full relief and is no longer a party to this action, then the alleged potential claimants may pursue their claims not through the instant collective action, but under their own proceedings, if any.

If you have any further questions, please let us know.

Sincerely,

Christine E. Howard
For Fisher & Phillips LLP

CEH:sas